IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| McARTHUR LYNCH, JR., # 179533,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No. 3:16cv73-WKW |
| ) | (WO) |
| WALTER MYERS, *et al.,*  ) | |
| ) | |
| Respondents.  ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate McArthur Lynch, Jr. ("Lynch") on January 26, 2016.  Doc. No. 1.[1]  Lynch challenges his 2012 conviction and resulting sentence for two counts of sexual abuse of a child under the age of 12, attempted first-degree sodomy, and violation of Alabama's Community Notification Act.  The respondents argue that Lynch's § 2254 petition should be dismissed on the ground it was not timely filed under the one-year limitation period in 28 U.S.C. § 2244(d).[2]  Doc. No. 6 at 5–12.  The court agrees with the respondents and finds that Lynch's petition is time-barred and should be denied without an evidentiary hearing.

---

[1] Document numbers ("Doc. No."), except where indicated, are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes upon "a[ny] person in custody pursuant to the judgment of a [s]tate court" a one-year limitation period for filing a petition for writ of habeas corpus.  28 U.S.C. § 2244(d).  That period begins to run from one of four statutory accrual dates. § 2244(d)(1)(A)–(D).

## II.   BACKGROUND AND PROCEDURAL HISTORY

On November 7, 2012, a Randolph County jury found Lynch guilty of two counts of sexual abuse of a child under the age of 12 (§ 13A-6-69.1, Ala. Code 1975), attempted first-degree sodomy (§§ 13A-4-2 & 13A-6-63, Ala. Code 1975), and violation of the Community Notification Act (§ 15-20-23, Ala. Code 1975).[3]  On November 29, 2012, Lynch was sentenced as a habitual felony offender to 30 years' imprisonment for each of the sexual abuse and sodomy counts and 15 years' imprisonment for the Notification Act violation, all sentences to run concurrently.  Doc. No. 6-1 at 3 & 9–10.

Lynch appealed, and on August 23, 2013, the Alabama Court of Criminal Appeals affirmed his convictions and sentence by unpublished memorandum opinion.  Doc. No. 6-4.  Lynch did not apply for rehearing with the Alabama Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court.  On September 11, 2013, the Alabama Court of Criminal Appeals issued a certificate of judgment.  Doc. No. 6-5.

On March 14, 2014, Lynch submitted a *pro se* petition in the trial court seeking relief from his convictions and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. No. 6-1 at 11; Doc. No 6-6.  The petition was not accompanied by a filing fee or an application to proceed *in forma pauperis*.  Consequently, the trial court ordered the circuit clerk to return the petition to Lynch, noting that he "shall use the proper forms and submit the required filing fee or request to proceed *in forma pauperis*."  Doc. No. 6-1 at 11; Doc. No. 6-7.  Lynch appealed the trial court's order.  Doc. No. 6-1 at 11; Doc. No.

---

[3] Lynch had a prior conviction for first-degree rape.  *See* Doc. 6-4 at 3.

6-8. However, the Alabama Court of Criminal Appeals dismissed the appeal as stemming from a non-appealable order and issued a certificate of judgment on December 15, 2014. Doc. Nos. 6-8, 6-9 & 6-10.

While the above-noted proceeding was pending, Lynch, on November 11, 2014, filed a "petition for review and reconsideration of sentence" with the trial court, asking the court to reconsider his sentence in light of § 13A-5-9.1, Ala. Code 1975, and *Kirby v. State*, 899 So.2d 968 (Ala. 2004). The trial court denied that petition on December 15, 2014. Doc. No. 6-12. Lynch did not appeal that ruling.

On March 13, 2015, Lynch submitted a second *pro se* Rule 32 petition. Doc. Nos. 6-13 & 6-14. On March 23, 2015, the trial court dismissed the petition, noting that Lynch, once again, had not paid a filing fee or submitted a request for *in forma pauperis* status with his petition Doc. No. 6-13 at 5; Doc. No. 6-15. Lynch initially attempted to appeal the trial court's order, but then moved to dismiss the appeal. Doc. No. 6-16. On May 21, 2015, the Alabama Court of Criminal Appeals dismissed the appeal and issued a certificate of judgment. Doc. Nos. 6-17 & 6-18.

While the foregoing proceeding was pending, Lynch, on March 27, 2015, filed another *pro se* Rule 32 petition with the trial court, this time accompanied by an application to proceed *in forma pauperis*. Doc. Nos. 6-19 & 6-20. The trial court granted Lynch's *in forma pauperis* request. Doc. No. 6-21. In his Rule 32 petition, Lynch argued that the jury venire for his trial was not sworn, that one of the seated jurors in his trial should have been struck for cause, that the indictment listed the "wrong victim" and "wrong crime," that

3

certain testifying witnesses should have been excluded from the courtroom during the testimony of other witnesses, that a State's witness testified falsely, and that the State's "biological evidence" was not adequately tested and DNA testing should have been performed on the victim.  Doc. No. 6-20 at 5–6.  On March 31, 2015, the trial court entered an order denying Lynch's Rule 32 petition, finding that Lynch's claims lacked merit.  Doc. No. 6-19 at 4; Doc. No. 6-22.  Lynch did not appeal the trial court's judgment.

On June 15, 2015, Lynch filed yet another *pro se* Rule 32 petition, again with an *in forma pauperis* request.  Doc. Nos. 6-23 & 6-24.  The trial court granted the *in forma pauperis* request and directed the State to respond to the Rule 32 petition.  Doc. No. 6-25.  That Rule 32 petition was pending when Lynch filed this instant habeas petition.  *See* Doc. No. 6-23.  The trial court denied the Rule 32 petition on September 15, 2016.  *See* Docket of Randolph County Circuit Court Case No. CC-12-85.62 (available via https://v2.alacourt.com/).

Lynch filed this § 2254 petition on January 26, 2016.  Doc. No. 1.[4]  In his petition, he presents claims that (1) the State failed to disclose a statement from the victim's mother that could have been used to impeach her trial testimony; (2) his multiple convictions violated the constitutional prohibition against double jeopardy; (3) his indictment was amended, causing him to be convicted of an offense for which he was not indicted; and (4)

---

[4] Although Lynch's petition was date-stamped as received in this court on February 4, 2016, Lynch represents that he placed the petition in the prison mail system on January 26, 2016.  *See* Doc. No. 1 at 9. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

the charges against him were false because "it was a made up case" and witnesses against him were not truthful. Doc. No. 1 at 6–8.

On March 18, 2016, Lynch filed an amendment to his petition, adding claims that (1) one of the jurors in his trial should have been struck for cause; (2) the indictment listed the wrong victim and wrong crime; and (3) a State's witness, a police officer, testified falsely. Doc. No. 14 at 5–10.

Around February 22, 2017, Lynch filed a § 2254 petition in the United States District Court for the Northern District of Alabama attacking the same Randolph County convictions and sentence he attacks in the instant § 2254 petition. *See Lynch v. Estes*, Civil Action No. 4:17cv317-LSC-SGC (N.D. Ala. 2017). In that petition, Lynch repeats the claims presented in the § 2254 petition and amendment he filed in this court and appears to add several new claims of trial error. In November 2017, after noting that Lynch had a § 2254 petition pending in this court and finding that justice would be best-served by transferring the matter to this court, the United States District Court for the Northern District of Alabama transferred Lynch's February 2017 habeas petition to this court. *See Lynch v. Estes*, Civil Action No. 3:17cv794-WHA-SRW (M.D. Ala. 2017), Doc. Nos. 3 & 4. Because Lynch had a § 2254 petition pending in this court, this court docketed the transferred habeas petition as an amendment to Lynch's § 2254 petition in the instant action. *Id.*, Doc. No. 6; *see* Civil Action No. 3:16cv73-WKW, Doc. No. 23.

The respondents argue that Lynch's § 2254 petition was not timely filed and that all claims in his petition and in his amendments are time-barred under the one-year limitation period in 28 U.S.C. § 2244(d). Doc. No. 6 at 5–12; Doc. No. 18 at 1–4.

### III. DISCUSSION

**A. AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody under the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to applying created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through exercising due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review regarding the judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Alabama Court of Criminal Appeals issued the certificate of judgment in Lynch's direct appeal on September 11, 2013. Doc. No. 6-5. Because Lynch did not apply for rehearing in the Alabama Court of Criminal Appeals or file a petition for writ of certiorari in the Alabama Supreme Court, his direct appeal was final on September 11, 2013. *See Walker v. State*, 194 So. 3d 253, 260 (Ala. Crim. App. 2015) (citing Rule 41 of the Alabama Rules of Appellate Procedure). Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). For purposes of federal habeas review and § 2244(a)(1)(A), Lynch had until September 11, 2014, to file his § 2254 petition, absent any statutory or equitable tolling.

**B.   Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward AEDPA's one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). Lynch submitted a Rule 32 petition to the trial court on March 14, 2014. That filing, however, did not trigger tolling under § 2244(d)(2). Because the Rule 32 petition was not accompanied by a filing fee or an application to proceed *in forma pauperis*, the petition was not a "properly filed" application for post-conviction review within the meaning of § 2244(d)(2). *See Artuz v. Bennett*, 532 U.S. 4, 9 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These

usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). "Alabama courts have unequivocally required that one of these formalities, either the payment of the filing fee or the filing of an *in forma pauperis* motion, be completed in order for a Rule 32 petition to be considered properly filed." *Smith v. Comm'r, Alabama Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (finding no statutory tolling available where Rule 32 petition was filed without filing fee or request to proceed *in forma pauperis*, rendering it not "properly filed" during the federal limitation period); *see Mullins v. Thomas*, 2014 WL 1330922, at *3 (N.D. Ala. Mar. 28, 2014) (because Alabama post-conviction petitions were dismissed based on petitioner's failure to move to proceed *in forma pauperis*, the petitions were not "properly filed" within meaning of 28 U.S.C. § 2244(d)(2)). Here, because, Lynch's March 14, 2014 Rule 32 petition was not "properly filed," it did not entitle him to any period of statutory tolling under § 2244(d)(2).

For Lynch, AEDPA's limitation period ran unabated for one year after September 11, 2013, before expiring on September 11, 2014. Lynch's later post-conviction filings in the trial court could have no tolling effect under § 2244(d)(2), because those filings came after expiration of AEDPA's one-year limitation period on September 11, 2014. A state post-conviction petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Lynch's November 11, 2014

"petition for review and reconsideration of sentence," even if deemed a proper "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), was filed outside AEDPA's limitation period and therefore could not toll it. Lynch's next Rule 32 petition, filed on March 13, 2015, was filed without a filing fee or *in forma pauperis* application, and could not serve as a "properly filed" petition—even if it had been filed prior to September 11, 2014. Lynch's March 27, 2015 and June 15, 2015 Rule 32 petitions, although submitted with applications for *in forma pauperis* status, were, again, filed outside AEDPA's limitation period and therefore could not toll it.

Lynch sets forth no facts or argument to establish he may use 28 U.S.C. § 2244(d)(1)(B), (C), or (D) as a triggering event for AEDPA statute of limitations purposes. Specifically, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); or that his claims are based on a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2244(d)(1)(C); or that the facts supporting his claims could not have been discovered earlier by exercising due diligence, *see* § 2244(d)(1)(D).

With specific regard to § 2244(d)(1)(D), the court recognizes that one of Lynch's claims is that the State failed to disclose a statement from the victim's mother that Lynch says he could have used to impeach the trial testimony of the victim's mother, and that Lynch maintains he only received this statement on April 28, 2015 (Doc. No. 13 at 2; Doc. No. 14 at 5), less than a year before he filed his § 2254 petition. Lynch alleges that the statement, which he says was dated December 5, 2011, was not disclosed to him or his

9

attorney before trial. Doc. No. 13 at 2. Lynch submits no copy of the statement with his pleadings, does not explain the circumstances under which he received the statement or under which the statement was made, and does not disclose the contents of the statement with any more specificity than to say that, in the statement, the victim's mother did not mention the victim's name or mention Lynch. Doc. No. 1 at 6–7; Doc. No. 14 at 5. Nevertheless, Lynch maintains that the statement "contradicts" the trial testimony of the victim's mother regarding the circumstances of the charged crimes and could have been used to impeach the victim's mother. *See* Doc. No. 1 at 6–7; Doc. No. 13 at 2; Doc. No. 14 at 5.

Lynch does not establish that the alleged statement by the victim's mother should (or could) have been provided by the State in its discovery materials. Because of the absence of details of the contents of the statement and Lynch's failure to explain the circumstances under which the statement was made or how he came to receive the statement, the court cannot say that the factual predicate for Lynch's claim was not discoverable through the exercise of due diligence before the expiration of the limitation period on September 11, 2014, or less than a year before Lynch presented the claim in his habeas petition. Accordingly, the court finds that § 2244(d)(1)(D) may not be used as the triggering event for this claim for statute of limitation purposes and that, instead, the claim is governed by the general provisions of § 2244(d)(1)(A). Therefore, the claim—like all other claims by Lynch—is untimely. In any event, given the vagueness of Lynch's allegations regarding the statement by the victim's mother, even if this claim is deemed

10

timely under § 2244(d)(1)(D), Lynch wholly fails to demonstrate that he is entitled to relief on the merits of this claim, as he fails to demonstrate the impeachment value of the statement or show how the supposed suppression of the statement affected the outcome of his trial.

### C.  Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Lynch suggests he is entitled to equitable tolling, and that the untimeliness of his petition should be excused, because he was in prison lockup for disciplinary infractions at various times during May and October of 2015 and February 2016. Doc. No. 13 at 2. It is unnecessary, however, to decide if these disciplinary lockups amounted to "extraordinary circumstances" sufficient to warrant equitable tolling. As discussed above, the one-year limitation period under AEDPA for Lynch to file his § 2254 petition expired on September 11, 2014—well before any of his disciplinary lockups took place. Consequently, Lynch

can show no causal link between his disciplinary lockups and the untimeliness of his petition. For a habeas petitioner to obtain equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). Lynch fails to demonstrate such a link and is therefore not entitled to equitable tolling on this basis.

Lynch's § 2254 petition is untimely filed. Likewise, the claims that Lynch raises in the amendments to his petition are untimely. AEDPA's limitation period expired on September 11, 2014. Lynch filed his petition on January 26, 2016, and he filed his amendments on March 18, 2016, and February 22, 2017. All filings occurred after AEDPA's limitation period expired, and none are subject to equitable tolling.

### D. Actual Innocence

The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Lynch makes conclusory assertions of his innocence. *See, e.g.,* Doc. No. 14 at 11 & 13. However, he points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. According to Lynch, his claim of innocence is based on the "he say, and she say [sic]" nature of the trial evidence and the trial court's alleged lack of jurisdiction. Doc. No. 14 at 11. Allegations going to the sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding a petitioner's actual innocence.[5] *See Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012). Further, claims that a state trial court lacked jurisdiction present, at

---

[5] Assuming Lynch predicates his claim of actual innocence in part on his alleged discovery of the statement by the victim's mother, which he says could have been used to impeach the victim's mother at trial, such "newly discovered" impeachment evidence does not provide sufficient evidence of actual innocence to overcome a time bar. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence). Moreover, as indicated in this Recommendation, Lynch's cursory allegations regarding the statement by victim's mother fail to demonstrate the impeachment value of the statement.

13

most, claims of legal innocence, not factual innocence, and do not excuse a petitioner's failure to file his § 2254 petition within AEDPA's limitation period. *Jones v. Warden*, 683 F. App'x 799, 801 (11th Cir. 2017).

Lynch's conclusory assertions of his innocence cannot sustain a claim of actual innocence. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Lynch's is not such a case. Lynch's § 2254 petition is time-barred and his claims are not subject to further review.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **February 19, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE on this 1st day of February, 2018.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE